## STATE v. WILSON et al.

No. 4446.   Decided April 27, 1927.   (256 P. 107.)

*W. E. Davis,* of Brigham City, for appellants.

*Harvey H. Cluff, Atty. Gen., and L. A. Miner,* Asst. Atty. Gen., for the State.

CHERRY, J.

This appeal is from a judgment, entered upon the verdict of a jury, that a certain described automobile be forfeited to the state of Utah, upon the ground that it had been used in the unlawful transportation of intoxicating liquors. The points raised are (1) that the evidence is insufficient to support the verdict that the automobile had been used for the unlawful transportation of intoxicating liquors; and (2) that the court erred in excluding proof offered by Helen T. Wilson in support of her claim to the ownership of the automobile. The Attorney General confesses error in the proceedings.

The only evidence produced or relied upon to establish unlawful transportation was the testimony of the sheriff that on August 18, 1925, at 6:30 o'clock a. m., he found Charles Wilson in the automobile, which was parked in the middle of the highway, at a little town about three miles south of Brigham City. Wilson was seated on the right-hand side of the front seat. On the floor in front was a half pint bottle of moonshine whisky. A pint bottle of moonshine whisky was in his coat pocket, and a quart bottle of Scotch whisky was on the floor behind the front seat. Wilson said to the sheriff that his car was dead, and he could not get it to go. The sheriff testified:

"At the time I found him, he wasn't what you would call right drunk. He had just come out of a sleep, but his breath was pretty well perfumed up with liquor."

It was further shown that the automobile was registered and licensed in the name of Charles Wilson. This testimony was not sufficient to warrant the jury in finding that the automobile was being used for the unlawful transportation of intoxicating liquor. Transportation means to carry or convey from one point to another. It signifies at least a

movement of some sort between termini or places. The evidence did not show how long the car had been at the place when the sheriff found it. While it is a fair inference from the evidence that it had been at some previous time driven or moved from some other place to the place where it was found, there is no fact or circumstance pointing to the time when it was moved there, or as to who or what it then contained. We fail to see any better reason for supposing that the intoxicating liquors found in the car had been brought to the place in the car than for supposing that it was placed in the car after the car was stalled or parked in the road. The gist of the matter to be proved was the transportation of intoxicating liquor by means of the automobile in question. We think that essential fact was not established by merely proving that intoxicating liquor was found in the automobile under the circumstances mentioned.

Helen T. Wilson presented a claim of ownership of the automobile, and alleged that it was not owned by her with intention of being used in violation of law, and that, if it had been so used by Charles Wilson, such use was without her knowledge or consent and against her will. She claimed title to the automobile under and through her husband, Charles Wilson, and offered proof tending to show a transfer by him to her at a date previous to the time in question. The trial court, inadvertently supposing Laws of Utah 1925, c. 125, § 3 (section 3972x), to have been in force and effect at the time, rejected the proffered evidence, because it did not consist of the certificate of ownership therein provided for and required. The section provides in effect that upon the registration of an automobile the secretary of state shall issue a certificate of registration and a certificate of ownership to the owner, and that upon a transfer being made the owner shall indorse the certificate of ownership and deliver the same with the certificate of registration to the transferee; that the certificates shall be delivered to the secretary of state, who upon the payment of a fee of $1 shall issue a new certificate of

ownership and of registration to the person entitled, and that—

"until the secretary of state shall have issued such new certificate of registration and certificate of ownership, as herein provided in sub-division (d), delivery of such vehicle shall be deemed not to have been made and title thereto shall be deemed not to have passed and said intended transfer shall be deemed to be incomplete and not to be valid or effective for any purpose."

The statute quoted did not take effect until January 1, 1926, and therefore could not affect the transaction in question which occurred in the year 1925. It is not necessary to nor do we decide what relevance to the matters in controversy the statute would have had, had it been in force at the time. It is enough to say that it was not then effective. The court erred in excluding the proffered evidence in support of the claim of Helen T. Wilson.

The judgment is reversed, and the cause remanded for a new trial. Appellants to recover costs.

THURMAN, C. J., STRAUP and HANSEN, JJ., and BARKER, District Judge, concur.

FRICK, J., did not participate.